NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD EUGENE JAMES,

Plaintiff - Appellant,

v.

STATE OF CALIFORNIA;
SACRAMENTO POLICE DEPARTMENT;
COUNTY OF SACRAMENTO; XAVIER
BECERRA; JOSEPH THEBEAU; JANINE
LeROSE; DANIEL HAHN,

Defendants - Appellees.

No. 25-3302

D.C. No. 2:21-cv-00713-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding[**]

Submitted July 29, 2026[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See*
28 U.S.C. § 636(c).

[***]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Ronald Eugene James appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging claims arising from his extradition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We may affirm on any ground supported by the record. *Jones v. Allison*, 9 F.4th 1136, 1139 (9th Cir. 2021). We affirm.

The district court properly granted summary judgment on James's Fourteenth Amendment conditions-of-confinement claim because James failed to raise a genuine dispute of material fact as to whether defendant Thebeau placed James at substantial risk of suffering serious harm. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (setting forth the requirements of a Fourteenth Amendment conditions-of-confinement claim, including that the conditions under which the plaintiff was confined "put the plaintiff at substantial risk of suffering serious harm"); *Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (explaining that, to constitute punishment, governmental action must cause harm or disability that either significantly exceeds or is independent of the inherent discomforts of confinement).

The district court did not abuse its discretion in denying James's motion to postpone summary judgment proceedings to conduct discovery because James

failed to show that additional discovery would have precluded summary judgment. *See Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612, 619-20 (9th Cir. 2017) (setting forth standard of review and explaining that to prevail on a Fed. R. Civ. P. 56(d) request, a party must show that the specific facts it seeks in further discovery exist and are "essential to oppose summary judgment" (citation and internal quotation marks omitted)).

Dismissal of James's Fourth Amendment claim was proper because James failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (setting forth standard of review); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (explaining that "[t]he absence of probable cause is a necessary element of [a] § 1983 false arrest" claim); *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (discussing the standards for determining probable cause for a warrantless arrest).

The district court did not abuse its discretion in denying James's requests for subpoenas and motion to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a decision to deny a motion to compel discovery will not be disturbed without

3                                          25-3302

"actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject as without merit James's contention that the district court improperly failed to hold defendant accountable for making false and perjured statements.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**